BORDMAN (FORRESTIER v.). See Case No. 4,945.

## Case No. 1,658.
### BOREAL v. The GOLDEN ROSE.
[Bee, 131.] [1]

District Court, D. South Carolina. 1798.

POWER OF MASTER TO HYPOTHECATE VESSEL.

Captain of a vessel not permitted to hypothecate her for money taken up in a foreign port, if his owners have a representative or correspondent there, who will advance what is necessary, or if the same may be procured by other means.

[Cited in The William & Emmeline, Case No. 17,687; The Bridgewater, Id. 1,865; Leland v. The Medora, Id. 8,237; Joy v. Allen, Id. 7,552; Greely v. Smith, Id. 5,750; Cunningham v. Hall, Id. 3,481.]

In admiralty. From the evidence in this case it appears that the ship Golden Rose is a foreign vessel chartered by Tunno & Cox, merchants of this place; where the owners of the ship have also a correspondent. That the captain, a foreigner, has been supplied by the actor with various articles, and some money, amounting together to about one hundred and fifty dollars. That the captain has been supplied, by Tunno & Cox, with money at different times, to the amount of about four hundred dollars. That these gentlemen had never refused payment of his orders, except in the present and one other instance, in both which the orders did not appear to them to be for the use of the ship. It was proved that they even offered to discharge the present demand by a note at sixty days. This was refused, and the present suit brought.

[Before BEE, District Judge.]

The question before me is of considerable importance to commerce in general; it must be decided, therefore, on general principles, and according to the course of the civil law. All the cases quoted upon this occasion were determined in courts of common law, but upon the principles of the civil law. They lay down this position, which is unques-

[1] [Reported by Hon. Thomas Bee, District Judge.]

tionably correct: that a person who supplies a vessel with necessaries has a triple remedy, 1st, against the owners; 2d, against the vessel; 3d, against the captain. Such person has the security of the ship by lien, if she continues in his possession; and by hypothecation duly made, whether she is in his possession, or not. His security against the owners exists only in the port where they reside; and suit must be in the courts of common law, not of admiralty. The captain is personally liable, if he has made himself so by an act of his own. While he remains in the port where his owners reside, and before commencement of the voyage, he must be proceeded against at common law. In foreign ports he may be sued there, or in the admiralty, by suit in personam.

In the present case, I am to inquire whether the vessel has been so hypothecated by deed or implication, as to make her liable. The power vested in a master to impawn his owner's ship or goods for necessaries furnished in a foreign port, is a legal indulgence founded on the urgency of the case, and intended for the general benefit of commerce. "There are few rules of law," says a late writer on the subject, "more strictly defined than this; and none in which the reason and intention of the law are more manifest." The books are full and consistent upon this point of necessity. "Where money," says Lord Raymond, "is borrowed on a ship before the voyage is begun, she is not answerable in the admiralty." 1 Ld. Raym.. 578; 2 Ld. Raym. 982. The law means to favour the completion, not the commencement of a voyage. Before the voyage is begun, and in ports where the owners reside, the necessity in question cannot exist. In foreign ports, great distress might arise from circumstances of invincible necessity, and the want of personal credit; of these alone will courts of admiralty take notice; otherwise, the power of the master to take up money might be ruinous to his owners, without promoting the general interests of commerce. In 1 Magens, 329, a case is reported of a suit in the admiralty on a bottomry bond, which concludes with this important remark: "Persons in seaports may learn from this case not to believe, or trust too easily, a captain whom they do not know; and, when they are applied to for money on bottomry, under cover of distress, they ought to see that the distress really exists, and that the money is duly applied to the purposes alleged."

In the case before me, the vessel is in a foreign port, but the owners have a correspondent here, the ship is under charter, and the captain has been supplied by the chartering merchants with money for necessaries, whenever he applied. The actor here may complain of hardship in losing his remedy against the ship, having already lost that against the captain, who is gone away. But courts of justice must proceed upon general principles. In declaring the law upon this

occasion, I am not only supported by the foregoing decisions, but by a case determined by my predecessor here and by four cases reported by Judge Hopkinson,—see his Rep. 163 et seq. [Liebart v. The Emperor, Case No. 8,340; Turnbull v. The Enterprize, Id. 14,242; Forbes v. The Hannah, Id. 4,925; Canizares v. The Santissima Trinidad, Id. 2,383],—from the most important of which there was an appeal to the court of last resort; where his decree was affirmed for the reason laid down in page 170 of his Reports [Liebart v. The Emperor, supra]. The law, therefore, must be considered as fixed. I decree that the vessel is not liable for this demand, and that this suit be dismissed.